RECEIVED
NOV - 4 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| DEXTER O'NEAL ARVIE | CIVIL ACTION NO. 05-1236 |
|---|---|
| VS. | SECTION P |
| WARDEN BURL CAIN | CHIEF JUDGE HAIK |
| | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 by pro se petitioner Dexter O'Neal Arvie on June 29, 2005.[1] Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary where he is serving consecutive sentences of life + 150 years imposed following his convictions on charges of aggravated kidnaping and multiple counts of armed robbery in Louisiana's Thirteenth Judicial District Court, Evangeline Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

---

[1] The pleadings were received and filed on July 11, 2005. However, the "mailbox rule" provides that a prisoner's federal pleadings should be considered to have been filed as of the date the pleadings were presented to the prison authorities for mailing. See *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Plaintiff signed his pleadings on June 29, 2005. Therefore, the undersigned presumes that this was the earliest date that the petitioner could have presented his pleadings to the authorities for mailing.

# STATEMENT OF THE CASE

The petition, its accompanying memorandum, and the published jurisprudence of the State of Louisiana establish the following relevant facts.

On November 17, 1995, the Evangeline Parish Grand Jury indicted petitioner on one count of aggravated kidnaping and two counts of armed robbery. Following a mistrial, on April 15, 1996, petitioner was re-indicted by the Grand Jury and charged with an additional count of armed robbery. [Doc. 1-3, p. 1].

On March 12, 1997 petitioner was found guilty as charged following a trial by jury in the Thirteenth Judicial District Court. On June 6, 1997 petitioner was sentenced to serve life imprisonment on the aggravated kidnaping charge and fifty years on each of the armed robbery counts. All sentences were ordered served consecutively. Petitioner filed a motion for appeal, motion for new trial, and motion for reconsideration of sentence. On July 11, 1997 the motion for new trial was denied. [*Id.*, p. 2].

Petitioner appealed. Through court-appointed appellate counsel he argued five Assignments of Error: (1) The trial court erred in admitting highly prejudicial "other crimes" evidence; (2) The trial court erred in admitting prior consistent statements of Virginia Poullard; (3) Insufficiency of the evidence due to the unreliable testimony of Virginia Poullard; (4) Excessiveness of Sentence because the trial court failed to consider mitigating circumstances and because the sentences were made to run consecutively; and (5) The trial court erred when it denied the motion for mistrial based on improper closing

argument. On February 4, 1998, petitioner's conviction and sentences were affirmed by the Third Circuit Court of Appeal. *State of Louisiana v. Arvie*, 97-990 (La. App. 3d Cir. 2/4/1998), 709 So.2d 810.

Petitioner sought writs of review in the Louisiana Supreme Court. On January 29, 1999, his writs were denied. *State of Louisiana v. Arvie*, 98-2461 (La. 1/29/99), 736 So.2d 827. He did not thereafter seek writs in the United States Supreme Court. [Doc. 1-1, paragraph 6(d)].

On May 29, 2000, petitioner, through counsel, mailed an Application for Post-Conviction Relief to the Thirteenth Judicial District Court.[2] [Doc. 1-3, p. 2]. The application was received and filed by the Clerk of Court on June 1, 2000. [Doc. 1-3, pp. 3 and 10]. Petitioner claims that the trial court lost his application, and that he has been unable to obtain a copy of same from his attorney to provide to the court for ruling. [*Id.* at pp. 10-12]. Thus, it is not clear whether the state trial court ever ruled on his application. However, the published jurisprudence reveals that petitioner sought a writ in the Third Circuit and that his litigation in that court was assigned docket number KH-03-00811. This writ application was apparently denied by that court, and denied again on October 29, 2004, after petitioner sought writs in Louisiana's Supreme Court. *State ex rel. Dexter O'Neal Arvie v. State of Louisiana*, 2003-2706 (La. 10/29/2004), 885 So.2d 572.

---

[2] Petitioner also states that the application was mailed by his counsel, Blake Deshotel, on May 30, 2000. [see Doc. 1-3, p. 10; 1-1, paragraph 7(b)(iii). However, the undersigned has given petitioner the benefit of the earliest possible date the application could have been sent.

The instant federal *habeas corpus* petition was filed, at the earliest, on June 29, 2005. Petitioner raises six claims for relief: (1) The racially discriminatory system of selecting the foreperson of the grand jury under former LSA C.Cr.P. art. 413(B) violated petitioner's Fifth, Sixth, and Fourteenth Amendment rights; (2) Petitioner's due process rights were violated by this discriminatory selection process and his attorney's failure to timely file a motion to quash amounted to ineffective assistance of counsel; (3) Petitioner's convictions violated the prohibition against double jeopardy; (4) Trial counsel was ineffective because he failed to present a defense and failed to subpoena witnesses; (5) Counsel was ineffective for failing to request a special jury charge; and, (6) The Prosecutor made an impermissible indirect reference to petitioner's failure to testify.

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, this court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review

or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas*, 184 F.3d at 472 citing *Flanagan*, 154 F.3d at 199, n.1; *Melançon v. Kaylo*, 259 F.3d 401, 404 (5th Cir. 2001); See also *Salinas v. Cockrell*, 354 F.3d 425 (5th Cir. 2004). A petitioner cannot "revive an expired limitation period by simply filing a state [court] petition...." *Villegas*, 184 F.3d at 472 citing *Flanagan*, 154 F.3d at 199, n.1; *Bogan v. Moore*, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999); *Sorce v. Artuz*, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999); *Banford v. Cain*, 2000 WL 1808491, *2 (E.D.La. 2000); *Williams v. Cain*, 2000 WL 863132, *2 (E.D.La. 2000); *Magee v. Cain*, 2000 WL 1023423, *4

---

[3] Nothing in the record suggests that the factual predicate of the claims presented was only recently discovered, or that petitioner is relying on any newly recognized retroactively applicable constitutional right. [See 28 U.S.C. § 2244(d)(1)(C), and (D)]. Accordingly, these subsections are inapplicable.

To the extent petitioner's allegations may be construed as an argument under §2244(d)(1)(B), that the state created impediments which prevented the timely filing of the instant petition, that claim is without merit. Petitioner does not claim that he was impeded from filing his post-conviction application in the Louisiana 13th Judicial District Court. To the contrary, petitioner repeatedly acknowledges that the application was mailed by counsel on May 29, 1999 and received by the Clerk of Court on June 1, 1999. Rather, petitioner's claim is that <u>after</u> his application was filed by the Clerk on June 1, 1999, he faced impediments with regard to receiving a ruling on his previously filed Application. However, the state Application was not filed until after the AEDPA limitations period had expired. Thus, the alleged impediments have no bearing on the timeliness of petitioner's federal *habeas corpus* petition. Giving petitioner the benefit of every doubt, and accepting his allegations as true, it is clear that the AEDPA limitations period had expired approximately one month before petitioner's retained post-conviction counsel began the post-conviction process in the state courts by filing his application.

(E.D.La. 2000); *Anderson v. Cain*, 2005 WL 2304484, *2 (W.D.La. 2005); *Jones v. Cain*, 2005 WL 2304489, *2 (W.D.La. 2005). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Federal courts have interpreted § 2244(d)(1)(A) to provide that the state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United States Supreme Court has run. *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999); See also *Clay v. United States*, 123 S.Ct. 1072, 1077 at fn. 3 (2003); Supreme Court Rule 13. Thus, petitioner's judgment of conviction and sentence became final for AEDPA purposes ninety days after the Louisiana Supreme Court rejected his writ application on direct review. According to the pleadings and the published jurisprudence, petitioner's application for writs on direct review was denied on January 29, 1999. See *State of Louisiana v. Dexter O'Neal Arvie*, 98-2461 (La. 1/29/99), 736 So.2d 827. Petitioner did not seek writs in the United States Supreme Court. Therefore, for AEDPA purposes, petitioner's AEDPA limitations period commenced on April 29, 1999, ninety days after the Louisiana Supreme Court denied his request for writs. Petitioner had one year, or until April 29, 2000, to file for federal *habeas corpus* relief.

Petitioner cannot rely upon the statutory tolling provision of §2244(d)(2). By his own admission, petitioner did not file his state application for post-conviction relief until May 29, 2000. However, by that date, the federal limitations period had already expired. Once the limitation period imposed by 28 U.S.C. §2244(d)(1) expired, it could not be revived by the filing of an application for relief in state court. See *Villegas*, 184 F.3d 467,

citing *Flanagan*, 154 F.3d at 197; *Bogan*, 55 F.Supp.2d at 600; *Sorce*, 73 F.Supp.2d at 294; *Banford*, 2000 WL 1808491, at *2; *Williams*, 2000 WL 863132, at *2; *Magee*, 2000 WL 1023423, at *4; *Anderson*, 2005 WL 2304484, at *2 *Jones*, 2005 WL 2304484, at *2. Petitioner's post-conviction proceedings did not restart the limitation period which had already properly commenced on April 29, 1999 and expired on April 29, 2000. *Salinas, supra*.

Moreover, petitioner is not entitled to equitable tolling. "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some way extraordinary way from asserting his rights." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) citing *Coleman*, 184 F.3d at 402. However, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Salinas*, 354 F.3d at 432 citing *Cousin v. Lensing*, 310 F.3d 843, 847-48 (5th Cir. 2002). This is so even in cases where a petitioner is harmed by the actions or inactions of his counsel. *Id.* Additionally, "garden variety" claims of excusable neglect do not support equitable tolling. *Coleman*, 184 F.3d at 402. The circumstances of the instant case are not extraordinary enough to qualify for equitable tolling.

Moreover, in order for equitable tolling to apply, the applicant must diligently pursue his §2254 relief. *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). In this case, petitioner did not even attempt to collaterally challenge his conviction in the Louisiana state courts until after the federal one-year limitation period had expired.

Moreover, petitioner allowed another eight months to lapse after the Louisiana Supreme Court denied his second writ application before attempting to proceed in this court. As the Fifth Circuit has noted, "equity is not intended for those who sleep on their rights." *Id.* citing *Fisher v. Johnson,* 174 F.3d 710 (5th Cir.1999). Petitioner should have investigated potential claims and the factual basis for those claims in a timely manner, and then pursued those claims diligently in both the state courts and this court.

In accordance with the foregoing analysis, the undersigned finds that petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d). Accordingly;

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by**

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, this 4 day of November, 2005.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

COPY SENT
DATE 11-4-05
BY ob
TO CmH/cbw
RTH/cb